UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.

Hicham Moussa Saad,

        Defendant.

Case No. 19-cr-20701
Honorable Robert H. Cleland

## PRELIMINARY ORDER OF FORFEITURE

The United States of America filed an Application for Entry of Preliminary Order of Forfeiture based upon the Indictment, the terms of defendant Hicham Moussa Saad's Rule 11 Plea Agreement ("Rule 11"), Federal Rule of Criminal Procedure 32.2, and the defendant's guilty plea to Count One of the Indictment, trafficking in counterfeit goods, in violation of 18 U.S.C. § 2320. (ECF No, 27)

NOW THEREFORE, based upon defendant Hicham Moussa Saad's acknowledgment of criminal forfeiture proceedings, the defendant's Rule 11 and guilty plea, the government's Application for

Entry of Preliminary Order of Forfeiture, Rule 32.2, and the information in the record, **IT IS HEREBY ORDERED THAT**:

1. Pursuant to 18 U.S.C. § 2323, the defendant shall forfeit to the United States the following property involved in the defendant's violation:

    a) Thirty-One Thousand Four Hundred Dollars and Twenty-One Cents ($31,400.21) in U.S. Currency seized from Bank of America Acct #XXXXXXXX2319;

    b) Fifty-Eight Thousand Two Hundred Eighty-Four Dollars and Twenty-Four Cents ($58,284.24) in U.S. Currency seized from Bank of America Acct #XXXXXXXX4267;

    c) Fifty-Nine Thousand Five Hundred Ninety-Four Dollars and Sixty-Seven Cents ($59,594.67) in U.S. Currency seized from Bank of America Acct #XXXXXXXX2022;

    d) Eight Hundred Ninety-Two Dollars and Eighty-Seven Cents ($892.87) in U.S. Currency seized from Bank of America Acct #XXXXXXXX7225;

  e)  Six Thousand Five Hundred Dollars ($6,500) in U.S. Currency;

  f)  69 miscellaneous items of electronic equipment; and

  g)  2,822, more or less, miscellaneous fragrances and toiletries.

(collectively, "Subject Assets").

  2.  Pursuant to 18 U.S.C. § 2323, the Subject Assets **ARE FORFEITED** to the United States for disposition according to law, and any right, title or interest of the defendant, and any right, title or interest that his heirs, successors or assigns have, or may have, in the Subject Assets is **FOREVER EXTINGUISHED**.

  3.  A forfeiture money judgment in the amount of $1,500,000.00 also is entered against defendant Hicham Moussa Saad in favor of the United States. The amount owed by the defendant on the money judgment will be reduced by the amounts obtained by the United States as a result of successfully and finally forfeiting the Subject Assets.

4. The forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of the defendant. To satisfy the money judgment, any assets that the defendant has now, or may later acquire, may be forfeited as substitute assets under 21 U.S.C. § 853(p)(2).

5. Pursuant to Federal Rule of Criminal Procedure 32.2, this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture at the time the defendant is sentenced, and shall be made part of the sentence and included in the Judgment.

6. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

7. Upon entry of this Order, the United States shall publish on www.forfeiture.gov, notice of this Preliminary Forfeiture Order and of its intent to dispose of the Subject Assets in

such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person other than the defendant asserting a legal interest in the Subject Assets may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Assets. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Assets, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Assets, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Assets.

8. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

9. The United States shall have clear title to the Subject Assets as provided in 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2) following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

10. This Order shall be made part of defendant Hicham Moussa Saad's sentence in this case and incorporated into his Judgment.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

Dated: November 18, 2020

s/Robert H. Cleland
Robert H. Cleland
United States District Judge