UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                    Case No. 19-cr-20701

HICHAM MOUSSA SAAD,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S REQUEST FOR EARLY TERMINATION OF SUPERVISED RELEASE**

On March 20, 2023, the court received a single-page letter from Defendant Hicha Moussa Saad, requesting early termination from his supervised release. (ECF No. 38.) The correspondence is another in a series the court has received within the last year, seeking unusual benefits like international travel. (ECF No. 37.) For reasons explained below, the request will be denied.

On July 21, 2020, Defendant pled guilty to trafficking in counterfeit goods, 18 U.S.C. § 2320. (ECF No. 35.) On November 19, 2020, Defendant was sentenced to a 21-month term of incarceration and a 2-year term of supervised release. (Id. at PageID.175–76.) Defendant was further ordered to pay a total of $3,000,000.00 in restitution to 13 different victims in the form of monthly installments. (Id. at PageID.179–81.) Having completed the incarceration portion of his sentence, Defendant is due to be released from supervision on January 24, 2024.

Now pending before the court is Defendant's request for termination from supervised release 8 months early. (ECF No. 38.) Though he cites no legal authority to

support his early termination, Defendant appears eligible under 18 U.S.C. § 3583(e)(1). That statute provides the court with discretion to terminate a criminal defendant's term of supervised release if the defendant has completed at least one year of supervised release and the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether a termination is warranted under § 3583(e)(1), the court must also consider the sentencing factors listed in 18 U.S.C. § 3553(a), including the need for a defendant's sentence "to reflect the seriousness of the offense . . . and to provide just punishment for the offense." *Id.* § 3223(a)(2)(A).

In his request, Defendant advances several reasons that he believes warrant the early termination of his supervised release. (ECF No. 38, PageID.192.) They are as follows: (1) "I admit wrongdoing and I regret it, and I am doing all I can to be a good citizen of the society, so I can contribute better toward my country and community"; (2) "good behavior" since his release from prison; (3) timely monthly reporting to his supervisor; (4) timely monthly payment of his restitution obligation; and (5) no violations or incidents during his release. (Id.) Defendant also reiterates his desire to travel internationally to visit with sick family members, advising that his restrictions made it so that he was unable to see an aunt before her passing in February of 2023. (Id.)

After considering Defendant's request under the standards set forth in 18 U.S.C. § 3583(e)(1), as well as the factors listed in 18 U.S.C. § 3553(a), the court is not persuaded that early termination is appropriate or necessary at this time. Having reviewed Defendant's financial statement and Probation Department records, Defendant does appear up to date with his restitution payments. He has further

2

demonstrated compliance with his supervised release terms. However, "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not [by itself] warrant early termination." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005); *see also United States v. Medina,* 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule."). (*See* ECF No. 42, PageID.267.) Moreover, as a low to moderate risk, Defendant's contact with the Probation Department is minimal and not burdensome. Indeed, the court finds that continued monitoring will aid Defendant's rehabilitative efforts and will not impose any undue hardship on his pursuit of educational or professional aspirations. 18 U.S.C. § 3553(a)(2)(D). Finally, and perhaps most importantly, continued supervision is important to ensure that Defendant satisfies his significant remaining restitution obligation by making consistent monthly payments. 18 U.S.C. § 3553(a)(7). Defendant has only repaid roughly $21,000.00 of his $3,000,000.00 obligation. Accordingly,

IT IS ORDERED that Defendant's request for early termination of supervised release (ECF No. 38) is DENIED WITHOUT PREJUDICE.

                                                s/Robert H. Cleland
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: May 16, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 16, 2023, by electronic and/or ordinary mail.

<u>s/Lisa Wagner</u>
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\EKL\Opinions & Orders\Criminal\19-20701.SAAD.RequestForEarlyTerminationFromSupervisedRelease.EKL.docx